Anderson, J.
delivered the opinion of the court.
By section 11, of chapter 132 of the Code, (Code of 1860, p. 603.) the court, under the order of which any such fiduciary derives his authority, may order a guardian, whether he shall or shall not have before given a bond, or whether he shall have given one with or without sureties, to give before such court a new bond, in a reasonable time to be prescribed by it, &c. But no such order shall be made, unless reasonable notice appear to have been given to such fiduciary, &c. But, sorely it would be competent for the fiduciary to waive his right to such notice and come into court with his sureties, and execute a new bond, which would be as binding on him- and his sureties as if such notice had been given. And the statute authorizes the court to make such order, “ requiring a new bond to be given, when it appears proper from the report of the clerk or a commissioner, or on evidence adduced before it by a surety, or the representative of a surety for such fiduciary, or by any other person interested.” And the court can perceive no reason why the bond shall not be binding upon the guardian and his sureties executing it, if they come before the court, in anticipation of such order, and dispensing with it, and execute the new bond, without the guardian being specially ordered thereto. His act of giving the new bond is a confession that the court may properly and lawfully require him to do it, and he would be thereby estopped from afterwards denying it. The court is of opinion, therefore, that the bond executed by the defendants, Bailey, Sayers, and the two Richardsons, on *532 the 10th of August 1857, was lawfully executed, and is binding on them.
The court is further of opinion, that by virtue of the 12th section of the aforesaid statute, the said bond relates back to the time of the qualification of the guardian, and binds the obligors for the faithful discharge of the duties of guardian by the said Leonard G-. Bailey, from that time, as effectually as if it had been then executed; and that the sureties in the former bonds, and their representatives, upon the execution of the new bond, were discharged. And, consequently, it was not necessary, nor proper, that they should have been made parties to this suit.
The court is further of opinion, that although the guardian has admitted to the friends of his ward that he did not intend to charge him board, he ought not to be chai’ged with interest on the sum of money he reeived for his ward during his minority; the guardian having kept him in his family and treated him as one of his chibdren, boarding, clothing and schooling him, and he working for the, family as one of the children. The court is of opinion, that under the circumstances of this case, it would be extremely harsh to disallow the guardian’s account for board, clothing and schooling, and also to charge him with interest on the sum of money he received for his ward. The interest does not exceed a reasonable compensation to the guardian, taking all other matters into the account. The court is of opinion, therefore, that the commissioner erred in charging the guardian with interest, and that annually compounded from 1855 to 1860; and that the court erred in overruling the defendant’s exception to the commissioner’s report on this ground, and in decreeing the same. The court is, therefore, of opinion that the said decree must be reversed on this ground; and will now *533 proceed to enter such, order or decree as ought to have been made by the court below.
Having maturely considered the record in this cause, for reasons assigned in wi’iting and filed therewith, the court is of opinion that the decree of the Circuit court of Wythe county he reversed and annulled; and that the appellee pay to the appellant his costs expended in the prosecution of his appeal here. And this court, now proceeding to pronounce such decree as should have been made by the Circuit court, it is adjudged, ordered and decreed that the defendants in the court below pay to the plaintiff below the sum of three hundred and forty-five dollars and eighteen cents, with interest thereon at the rate of six per centum per annum, from the 11th day of December, 1860, till payment, and the costs of the plaintiff in the prosecution of his suit in the said Circuit court.
Decree reversed.